*Horse-racing is a game within the meaning of our statutes, "to restrain gaming."*

———❧○❧———

## ELLIOTT v. LEAK.

1. Where pleas have been put in and issue joined, the court cannot give a judgment by default. The judgment should be on the finding of the issues.
2. An affidavit, on a motion for a new trial, should contain a positive averment of merit.

ERROR to Monroe circuit court.

*T. L. Anderson,* for plaintiff:

This was an action of assumpsit instituted in the court below, by the defendant in error vs. the plaintiff in error, pleas non assumpsit, and statute of limitations. The case was tried in the Ralls circuit court, judgment for defendant below. The case was taken to the supreme court,

judgment reversed, and case remanded. It was then sent to the Monroe circuit, in consequence of Judge Hunt having been counsel for the defendant below. At the March term of said court of Monroe, the defendant below failed to appear, judgment was rendered, as stated in the record, by default against the deft. for $212. 00. On the 5th day of the term of said court, the defendant appeared, and moved to set aside the judgment by default, and have a new trial granted. The appellant and defendant below filed along with said motion, an affidavit stating that he did not know of the time of holding the court, and that from the best information he could obtain, he believed that the court would sit a week later than it did; that he was preparing for trial, and would have been able to shew that he was not indebted to the plaintiff, and that his counsel upon whom he relied, had also failed to attend to his case. The court overruled the motion, and states in the record that the deft. below was drunk.

The points raised in this case are,—

1st. That there was error in rendering a judgment against the defendant below by default, without awarding a writ of inquiry, and having the damages assessed by a jury; see revised code, under the head of Practice at Law, sec. 34 and 35, art. 3d, page 461.

2d. That the court rendered final judgment in said cause without any lawful finding of the issues of fact. It will be seen by reference to the record in this case, that there was no lawful finding of the issues, but merely a judgment by default.

3d. That the court erred in overruling the motion to grant a new trial. That the defendant was taken by surprise, is evident from the statement in his affidavit. Is it such a surprise as entitled him to a new trial?—It will be recollected the legislature had changed the time of holding of the courts; that he sought the best information he could, and learned from his counsel and other sources, that it would sit on a day different from that on which it actually did sit. He also states that he was preparing for trial, and would have been able to show that he was not indebted to the plaintiff. There was no negligence or inattention on his part. He seemed to be alive to his case. It is laid down in 1st Dallas's Rep. 234, that the granting of new trials depends on the legal discretion of the court—guided by the nature and circumstances of the particular case. Did not the circumstances of this case justify the granting of a new trial? Does not justice require it? In Day's Reports, 2nd vol., page

126, it is said that in intricate cases, the court will exercise its discretion, the better to answer the ends of justice. How could the ends of justice be better answered than by granting (this man,) the defendant, a new trial? The defendant says the debt is unjust, and he can prove it. Ought he not then, in common justice, to be permitted to do it? The plaintiff below cannot be injured materially, if he is ever justly entitled to the judgment given. But, it is stated in the record by the judge below (McBride) that the defendant below was drunk, and therefore he says, he overruled the motion. What evidence had the court below, that he was intoxicated?—None: unless the trial by inspection is to be introduced into this country; but as that statement is properly no part of the record in this case, I think it unnecessary to say any thing more in reply to it.

*Counsel*, for defendant in error:

The facts of the case as presented by the bill of exceptions, are, that plaintiff in error was drunk, both when he made his affidavit and motion; and the only question that arises for the decision of this court, is—whether the circuit court erred in overruling his motion to set aside the judgment? So long as a just distinction is maintained between a tippling shop and a court of justice, we presume the opinion of the court will be sustained. But in fact, no case arises on the bill of exceptions; *all* the evidence is not preserved, and the court will presume there was no other evidence to justify the court below in its judgment. Besides, there is no proper averment of merits, which is essential in all cases for setting aside judgments. As to the objection raised to the judgment by the court on submission, instead of a writ of inquiry,

1st. The point cannot be raised here, because it was not raised below. See M. L., sec. 31, p. 522.

2nd. There is nothing in the objection. That proceeding is only necessary in cases of judgment by default, confession, or on demurrer. See M. L., sec. 34 & 35, p. 461. The statute only applies to cases in which there is *no plea.*

3rd. The additional assignment of errors without leave of the court is wrong, and they are not before the court.

4th. If they are, there is no error. See 2nd vol. M. Dec., p. 223. Also, 3rd. S. A. P., M. D., page 455; 1 vol. M. D., p. 84.

APRIL TERM
1837.

Elliott v. Leak.

Where pleas have been put in, and issue joined, the court cannot give a judgment by default;---the judgment should be on the finding of the issues.

An affidavit, on a motion for a new trial, should contain a positive averment of merits.

Statement of the case and opinion of the court, delivered by Tompkins, Judge.

This is an action of assumpsit, brought by Leak against Elliott. The general issue and statute of limitations were pleaded and issues made up on them. The defendant did not appear on the day set for the trial of the cause, and the court gave judgment against him by default, and assessed his damages to two hundred and twelve dollars, &c. On the fifth day of the term, the defendant came and made oath by affidavit, that he had been misinformed by his counsel as to the time of holding court, the old law being repealed, and the new one not published—and that he could have proved that he was not indebted to the plaintiff; and on this affidavit, he moved to set aside the judgment by default, and for a new trial of the cause. The circuit court overruled the motion.

It is assigned for error,

1st. That the court erred in giving a judgment by default.

2nd. That the court committed error in overruling the defendant's motion to set aside the judgment by default, and in refusing to grant a new trial. One other assignment was made, but it is not material to a correct decision of this case.

1st. As to the error charged to be committed by the court, in giving judgment by default. The circuit court should have found the issues made up between the parties, and have given judgment on the finding of such issues. In not doing this, that court has committed error.

2nd. As to the overruling of the defendant's motion to set aside the judgment, and grant a new trial, it may be observed, his affidavit is insufficient. An affidavit for such a purpose, ought to state positively, that the affiant has merits. He states that he would have been able to prove that he was not indebted to the plaintiff, if he had known of the time of holding court. He had pleaded the statute of limitations, and it might have been, that he would have been able to make his defence under that statute only, a plea which the courts are not inclined to favour. In this decision, we do not find that the circuit court committed any error; but for the error committed in giving judgment by default, the judgment of that court is reversed, and the cause is remanded.